# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MICHAEL K. DELICH **Plaintiff,** vs. DR. SHEPPERD, **Defendant.** | ) ) ) ) ) ) ) CASE NO.: 3:10-cv-241-GPM-DGW ) ) ) ) ) |

## REPORT AND RECOMMENDATIONS

This matter has been referred to United States Magistrate Judge Donald G. Wilkerson by United States District Judge G. Patrick Murphy pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72(b), and Local Rule 72.1(a) for a Report and Recommendation on the issue of whether Plaintiff exhausted his administrative remedies with the Illinois Department of Corrections prior to filing this lawsuit. It is **RECOMMENDED** that the Court **FIND** that Plaintiff failed to exhaust his administrative remedies, that the Motion to Dismiss filed by Defendant Shepherd[1] (Doc. 24) be **GRANTED**, that the action be **DISMISSED,** and that the Court adopt the following findings of fact and conclusions of law.

### FINDINGS OF FACT

Plaintiff Michael K. Delich, an inmate proceeding *pro se*, filed a complaint on April 2, 2010, alleging that Defendants Dr. Shepherd, Warden Randy Davis, and the Pinckneyville Correctional Center Medical Department, failed to provide him with adequate medical treatment, in violation of the constitution. Plaintiff saw Dr. Shepherd on March 9, 2010, for chest pain and tingling and numbness in his fingers. Dr. Shepherd ordered x-rays of Plaintiff's spine. Plaintiff

---

[1] In his complaint, Plaintiff names "Dr. Shepperd" as a defendant. Dr. John Shepherd answered the complaint. The undersigned will use Defendant Shepherd or Dr. Shepherd throughout.

claimed that Dr. Shepherd never followed up on Plaintiff's condition. Plaintiff stated that at the time he filed the complaint, he was still experiencing "the same troubles I was having in the first place." Plaintiff also stated that he passed out in his cell and "busted" his head on the bed, but he received no treatment. He further stated that his leg "gives out" on him (Doc. 1). Regarding exhaustion of administrative remedies, Plaintiff stated in his complaint that he "went through all the proper procedures" to file a grievance, but "they just never sent my grievance back to me." Plaintiff stated that he sent numerous medical request forms and a sick call slip to the health care unit, but received no treatment. Plaintiff did not include with his complaint any copies of the grievances he claims to have filed (Doc. 1).

On threshold review of the complaint, the Court dismissed Defendants Davis and the Medical Department, but allowed Plaintiff to proceed against Defendant Shepherd on the deliberate indifference claim (Doc. 7).

On May 11, 2011, Defendant Shepherd filed a Motion to Dismiss the complaint arguing that Plaintiff did not exhaust his administrative remedies prior to filing suit, and that Dr. Shepherd is entitled to qualified immunity (Doc. 24). Plaintiff did not file a response to the motion.

On June 24, 2011, with leave of Court, Defendant Shepherd filed a Supplemental Brief in Support of his Motion to Dismiss (Doc. 33). He included the following exhibits:

1. Illinois Department of Corrections Grievance Procedures.

2. A grievance filed on November 18, 2009, regarding the denial of Plaintiff's request to see an eye doctor (Doc. 33-2, p. 4). The counselor responded on December 9, 2009, and the grievance officer denied the grievance on January 5, 2010 (Doc. 33-2, p. 3). The Administrative Review Board ("ARB") affirmed the denial of the grievance on May 14, 2010 (Doc. 33-2, p. 2).

2

3. A grievance filed on April 23, 2011, regarding Plaintiff's dismissal from his prison job in the commissary (Doc. 33-2, p. 7). The counselor responded to the grievance on April 27, 2011, and the grievance officer denied the grievance on May 20, 2011 (Doc. 33-2, p. 6).

4. A letter addressed to the ARB dated February 1, 2010, regarding an eye appointment.

*Pavey Hearing*

In light of the Seventh Circuit's opinion in *Pavey v. Conley*, 544 F.3d 739 (7th Cir. 2008), the undersigned held a hearing in the matter on June 28, 2011, to determine whether Plaintiff properly exhausted his administrative remedies before filing suit.

At the hearing, the Court heard testimony from Kimberly Deen, a Correctional Counselor at Pinckneyville Correctional Center. Ms. Deen testified that in her job as a correctional counselor she deals exclusively with inmate grievances. Ms. Deen testified that in 2009 and 2010, during the time Plaintiff was incarcerated at Pinckneyville, he filed only one grievance. That grievance, filed in December 2009, concerned Plaintiff's request for an eye exam and new glasses. Plaintiff appealed the denial of that grievance to the Administrative Review Board, which affirmed the denial. Ms. Deen also testified that during the time Plaintiff was incarcerated at Pinckneyville, he did not file any grievances regarding chest pain or numbness and tingling, nor did he file any grievances concerning the conduct of Dr. Shepherd (Doc. 37).

The Court also heard testimony from the Plaintiff. Plaintiff testified that within a week after Dr. Shepherd refused to provide him medical treatment, he filed a grievance by placing it in the box marked "grievance" on his unit. He received a response to the grievance from Counselor Kisro. He testified that within a week of the counselor's response he had heard nothing from the medical department, so he filed a complaint with an office in Chicago. Plaintiff testified that after he received the grievance back from Counselor Kisro, he did not forward it to the grievance officer nor did he file an appeal with the ARB. Plaintiff indicated that he did not know he was to

do anything else with the grievance after receiving a counselor's response. He stated the process was "new to him" and he had never before had to follow the procedure.

Plaintiff informed the Court that he was unable to fully argue his case at the hearing because he did not have with him some of the documents he needed. The Court granted Plaintiff leave to file with the Court by July 15, 2011, additional documents relevant to exhaustion of administrative remedies.

*Plaintiff's Exhibits*

On July 1, 2011, Plaintiff filed with the Court a copy of a grievance dated March 19, 2010, in which he complained of numbness and tingling in his body and his left leg "giving out on [him]." On May 7, 2010, Counselor T. Kisro replied to the grievance as follows: "Per acting HCUA P. George, you were seen by the MD on 3/10/10. Appropriate care has been provided. Please see attached memo." (Doc. 36, pp. 1-2.) The attached memo, from Penny George, Acting HCUA, to Counselor Kisro states:

> In response to grievance dated 3/19/2010. Offender has been seen by health care staff (nurses & M.D.) numerous times for the tingling and numbness. Saw physical therapist 2/11/10 who recommended no cane or crutches. Offender saw M.D. 3/10/10 where treatment and follow-up were ordered. C-Spine x-ray on 3/11/10 was normal. Appropriate care has been provided.
>
> If you believe there is an issue you need to follow proper protocol and submit to nurse sick call to be seen.
>
> You will be scheduled to see the M.D. for follow-up.

(Doc. 36, p. 5).

Plaintiff's July 1, 2011, filing also contained two letters, both dated March 26, 2010, from the Illinois Department of Financial and Professional Regulation (Doc. 36, pp. 3-4). The letters acknowledge receipt of a complaint filed by Plaintiff against Dr. Shepherd.

On July 7, 2011, the Plaintiff filed thirteen pages of medical records provided to him by the Tennessee Department of Corrections. The records document treatment for back pain between 2000 and 2006. These records pertain to the merits of the lawsuit and provide no evidence that would demonstrate Plaintiff filed grievances regarding inadequate medical treatment by Dr. Shepherd in 2009 or 2010.

### CONCLUSIONS OF LAW

The Prison Litigation Reform Act ("PLRA") provides:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a). Exhaustion of available administrative remedies is a precondition to suit. *Dale v. Lappin*, 376 F.3d 652, 655 (7th Cir. 2004). *See also Perez v. Wis. Dept. of Corr.*, 182 F.3d 532, 534-535 (7th Cir. 1999) (stating that §1997e(a) of the PLRA "makes exhaustion a precondition to bringing suit" under § 1983). Failure to exhaust administrative remedies is an affirmative defense; defendants bear the burden of proving a failure to exhaust. *See Jones v. Bock*, 549 U.S. 199, 216 (2007); *Dole v. Chandler*, 483 F.3d 804, 809 (7th Cir. 2006). The Supreme Court has interpreted the PLRA to require "proper exhaustion" prior to filing suit. *See Woodford v. Ngo*, 548 U.S. 81, 84 (2006). This means "using all steps that the agency holds out, and doing so properly (so that the agency addresses the issues on the merits)." *Id.* at 90, (quoting *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002)). In finding that the PLRA requires proper exhaustion, the Supreme Court agreed with the Seventh Circuit's interpretation of the statute as stated in *Pozo*, which required an inmate to "file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Pozo*, 286 F.3d at 1025.

The Illinois Administrative Code sets out the procedure for the filing of grievances by inmates. An inmate must first attempt to resolve the complaint informally. If the complaint is not resolved, the inmate may file a grievance within 60 days after the discovery of the incident, occurrence, or problem that gives rise to the grievance. 20 Ill. Admin. Code § 504.810. The grievance officer is required to advise the Chief Administrative Officer ("CAO") at the facility in writing of the findings on the grievance. The CAO shall advise the inmate of the decision on the grievance within two months of it having been filed. 20 Ill. Admin. Code § 504.830. An inmate may appeal the decision of the CAO in writing within 30 days. 20 Ill. Admin. Code § 504.850. *See also Dole v. Chandler*, 438 F.3d 804, 806-07 (7th Cir. 2006).

Plaintiff here filed a grievance regarding numbness and tingling and his leg "giving out" on him on March 19, 2010. He received a counselor's response to the grievance. Plaintiff admits that after he received that response he did not submit the grievance to the grievance officer as required by the Illinois regulations, nor did he file an appeal with the ARB. Instead, Plaintiff filed a complaint against Dr. Shepherd with the Illinois Department of Financial and Professional Regulation. Plaintiff's testimony and the exhibits produced by Defendant Sheppard and by Plaintiff himself demonstrate that Plaintiff did not follow the procedures set forth by the IDOC for exhausting a grievance. Accordingly, he did not "properly exhaust" the grievance. *See Woodford v. Ngo*, 548 U.S. 81, 84 (2006).

Plaintiff claimed at the *Pavey* hearing that he did not follow the steps required by the IDOC after receiving a response from the counselor in May 2010 because he did not know the procedures. He stated that the process was "something new" to him; he "never knew you had to do it this way" (Doc. 37, p. 34). Plaintiff's explanation for his failure to appeal the grievance to the grievance officer or the ARB is undermined by the evidence presented by Defendant

6

Shepherd demonstrating that Plaintiff fully exhausted a grievance in 2009. Defendant's exhibits show that Plaintiff filed a grievance about problems with his eyesight and need for glasses on November 18, 2009. He received a counselor's response to the grievance on December 9, 2009 (Doc. 33-2, p. 4). The grievance was received by the Grievance Officer on December 17, 2009. On January 5, 2010, Grievance Officer Kimberly Deen recommended that the grievance be denied. The Chief Administrative Officer concurred on January 27, 2010. On February 1, 2010, Plaintiff signed the grievance officer's report, appealing the denial of the grievance to the ARB (Doc. 33-3, p. 2). The ARB affirmed the denial of the grievance in a letter dated May 14, 2010 (Doc. 33-3, p. 1). This evidence demonstrates that Plaintiff fully exhausted the grievance regarding his eyesight, that is, he used each step in the grievance process available to him. Plaintiff's appropriate use of the prison grievance system mere months before filing the unexhausted grievance relevant to the claims in this case belies his explanation that he did not understand the grievance process. The evidence produced at the hearing also contradicts Plaintiff's statement in his complaint that "they just never sent my grievance back to me." As such, the undersigned recommends that the Court find Plaintiff's explanation for the failure to exhaust the grievance regarding pain, numbness, and tingling to be not credible.

In light of Plaintiff's admission that he did not appeal the grievance relevant to the issues in this case and the Court's finding that Plaintiff's explanation for the failure to appeal is not credible, the undersigned recommends that the Court find that Plaintiff did not fully exhaust his administrative remedies prior to filing suit, in violation of the PLRA. The undersigned further recommends that the action be dismissed. Because the Plaintiff cannot now go back and exhaust his remedies due to deadlines imposed by Illinois regulation, dismissal should be with prejudice.[2]

---

[2] The undersigned will not discuss Defendant Shepherd's claim that he is entitled to qualified immunity because the case may be disposed of on the issue of exhaustion.

## CONCLUSION

Based on all the foregoing, it is hereby **RECOMMENDED** that the Court **FIND** that Plaintiff failed to exhaust his administrative remedies, that the Motion to Dismiss filed by Defendant Shepherd (Doc. 24) be **GRANTED**, that the action be **DISMISSED** with prejudice, and that the Court adopt the foregoing findings of fact and conclusions of law.

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 73.1, the parties shall have fourteen (14) days after the service of this Recommendation to file written objections thereto. The failure to file a timely objection may result in the waiver of the right to challenge these Recommendations before either the District Court or the Court of Appeals. *Snyder v. Nolen*, 380 F.3d 279, 284 (7th Cir. 2004); *United States v. Hernandez-Rivas*, 348 F.3d 595, 598 (7th Cir. 2003).

**DATED:  July 13, 2011**

**DONALD G. WILKERSON**
**United States Magistrate Judge**