IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MICHAEL K. DELICH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CIVIL NO. 10-241-GPM |
| | ) |
| DR. SHEPPERD, | ) |
| | ) |
| Defendant. | ) |

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

This matter is before the Court on the Report and Recommendation of United States Magistrate Judge Donald G. Wilkerson (Doc. 40), recommending that this Court grant Defendant's motion to dismiss, finding Plaintiff failed to exhaust his administrative remedies prior to filing his 42 U.S.C. § 1983 suit against Defendant. The Report and Recommendation was entered on July 13, 2011. No timely objections have been filed.

Plaintiff Michael K. Delich, an inmate in Pinckneyville Correctional Center, filed this case for deliberate indifference to medical needs. He claims that he experienced heart problems and numbness in his hands for which Defendant treated him in early March 2009. Mr. Delich claims he received insufficient follow-up care and received no medical attention after passing out and hitting his head on a bed (Doc. 1). Mr. Delich's claim against Dr. Shepperd survived threshold review (Doc. 7), and Dr. Shepperd moved for summary judgment on the basis that Plaintiff had failed to exhaust his administrative remedies before bringing suit (Doc. 24). As required by *Pavey v. Conley*, 544 F.3d 739 (7th Cir. 2008), Magistrate Judge Wilkerson held an evidentiary hearing on

Defendant's motion. Following the *Pavey* hearing, Magistrate Judge Wilkerson issued the Report and Recommendation currently before this Court. The Report and Recommendation accurately states the nature of the evidence presented by both sides on the issue of exhaustion, including the testimony heard during the *Pavey* hearing, as well as the applicable law and the requirements of the administrative process.

Where timely objections are filed, this Court must undertake a *de novo* review of the Report and Recommendation. 28 U.S.C. § 636(b)(1)(B), (C); FED. R. CIV. P. 72(b); SDIL-LR 73.1(b); *Harper v. City of Chicago Heights*, 824 F. Supp. 786, 788 (N.D. Ill. 1993); *see also Govas v. Chalmers*, 965 F.2d 298, 301 (7th Cir. 1992). The Court "may accept, reject or modify the magistrate judge's recommended decision." *Harper*, 824 F. Supp. at 788. In making this determination, the Court must look at all of the evidence contained in the record and "give 'fresh consideration to those issues to which specific objections have been made.'" *Id.*, *quoting* 12 Charles Alan Wright et al., *Federal Practice and Procedure* § 3076.8, at p. 55 (1st ed. 1973) (1992 Pocket Part).

However, where neither timely nor specific objections to the Report and Recommendation are made, pursuant to 28 U.S.C. § 636(b), this Court need not conduct a *de novo* review of the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985). While a *de novo* review is not required here, the Court has considered the evidence adduced at the *Pavey* hearing and fully agrees with the findings, analysis, and conclusions of Magistrate Judge Wilkerson. At the hearing before Magistrate Judge Wilkerson, Mr. Delich admitted that he had not appealed the grievances relevant to this action. He therefore did not fully exhaust his administrative remedies prior to filing suit, as required by the Prison Litigation Reform Act. 42 U.S.C. § 1997e(a).

The Court **ADOPTS** Magistrate Judge Wilkerson's Report and Recommendation (Doc. 40)

and **GRANTS** Defendant's motion to dismiss for failure to exhaust administrative remedies (Doc. 24).  As discussed in Magistrate Judge Wilkerson's Report and Recommendation, this dismissal is with prejudice, as Illinois regulation prevents Plaintiff from reviving the appeal process for the grievances at issue.  This dismissal is made on the basis of exhaustion and does not address Defendant's claim of qualified immunity.  Plaintiff's action is therefore **DISMISSED with prejudice**.  Judgment will enter accordingly.

**IT IS SO ORDERED.**

DATED: 8/2/2011

s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge